COBB, Judge,
concurring specially.
This is an action wherein the plaintiff below alleged that, while employed at a convenience store in an isolated area of St. Johns County, she was abducted and raped. She claims gross negligence on the part of corporate officers as fellow employees in order to circumvent workers compensation immunity. See § 440.11, Fla.Stat. (1985).
This incident occurred on April 19, 1987. This was prior to the enactment by the Florida Legislature of section 5, Chapter 90-346, and section 5, Chapter 92-103, Laws of Florida, now codified as section 812.173, Florida Statutes (Supp.1992), as follows:
812.173 Convenience business security.—
(1)Every convenience business shall be equipped with the following security devices and standards:
(a) A security camera system capable of recording and retrieving an image to assist in offender identification and apprehension.
(b) A drop safe or cash management device for restricted access to cash receipts.
(c) A lighted parking lot illuminated at an intensity of at least 2 foot-candles per square foot at 18 inches above the surface.
(d) A conspicuous notice at the entrance which states that the cash register contains $50 or less.
(e) Window signage that allows a clear and unobstructed view from outside the building and in a normal line of sight of the cash register and sales transaction area.
(f) Height markers at the entrance of the convenience business which display height measures.
(g) A cash management policy to limit the cash on hand at all times after 11 p.m.
(2) A convenience business shall not have window tinting that reduces exteri- or or interior view in a normal line of sight.
(3) Every convenience business shall be equipped with a silent alarm to law enforcement or a private security agency, unless application for an exemption is made to and granted by the Attorney General. An application for exemption must be in writing and must be accompanied by an administrative fee of $25 for each store for which an exemption would apply.
(4) If a murder, robbery, sexual battery, aggravated assault, aggravated battery, or kidnapping or false imprisonment, as those crimes are identified and defined by Florida Statutes, occurs or has occurred at a convenience business since July 1, 1989, and arises out of the operation of the convenience business, that convenience business shall implement at least one of the following security measures:
(a) Provide at least two employees on the premises at all times after 11 p.m. and before 5 a.m.;
(b) Install for use by employees at all times after 11 p.m. and before 5 a.m. a secured safety enclosure of transparent polycarbonate or other material that meets at least one of the following minimum standards:
*813 1. American Society for Testing and Materials Standard D3935 (classification PC110 B 3 0800700) and that has a thickness of at least 0.375 inches and has an impact strength of at least 200 foot pounds; or
2. Underwriters Laboratory Standard UL 752 for medium power small arms (level one), Bullet Resisting Equipment;
(c) Provide a security guard on the premises at all times after 11 p.m. and before 5 a.m.;
(d) Lock the business premises throughout the hours of 11 p.m. to 5 a.m., and only transact business through an indirect pass-through trough, trapdoor, or window; or
(e) Close the business at all times after 11 p.m. and before 5 a.m.
(5) For purposes of this section, any convenience business that by law implemented any of the security measures set forth in paragraphs (4)(a) through (e) and has maintained said measures as required by the Department of Legal Affairs without any occurrence of incidence of the crimes identified by subsection (4) for a period of no less than 24 months immediately preceding the filing of a notice of exemption, may file with the department a notice of exemption from these enhanced security measures. In no event shall this exemption be interpreted to preclude full compliance with the security measures set forth in subsection (4) should any occurrence or incidence of the crime identified by subsection (4) cause subsection (4) to be statutorily applicable. As of the date this act becomes law, the Department of Legal Affairs will provide notice to any convenience business to which a subsection (4) incident has previously occurred. In no event shall the state or the Department of Legal Affairs incur any liability for the regulation and enforcement of this act.
Based upon precedent and the applicable law at the time of the event alleged in this case, I agree that summary judgment for the defense was proper. In the future, however, there could be a different result.